(No. 2484— ▮▮▮▮▮▮)

FRANK DURKIEWIECZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

BROWN, HAY & STEPHENS, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On the morning of June 22d, 1934, the claimant was driving his Chevrolet truck in a northerly direction on S. B. I. Route No. 4, a short distance south of the Village of Elwood, in Will County, Illinois. It had been raining for some time, the pavement was wet, and the visibility was somewhat limited.

The evidence on the part of the claimant is to the effect that he was driving at a speed of about fifteen miles per hour, that his brakes were in good condition, and that there was no evidence of any mechanical defect in the operation of his truck immediately preceding the accident.

The evidence for the claimant is also to the effect that as he was proceeding in a northerly direction, another automobile with a trailer attached was approaching from the north, moving at a speed of ten or fifteen miles per hour; that as claimant's truck and the automobile and trailer were about to pass each other, a light Ford convertible coupe owned by respondent and driven by an associate director of the De-

partment of Finance in the discharge of his official duties, approached rapidly from the north at a rate of speed in excess of fifty miles per hour; that the State automobile turned to the left in an attempt to pass the automobile and trailer just as claimant's truck was approaching from the south; that when the driver of the State car saw the claimant's truck approaching, he attempted to turn back into his own traffic lane, but on account of the condition of the pavement and the speed at which he was traveling, he lost control of the car, which skidded and collided with the claimant's truck, forcing the same off the highway and across the ditch on the east side of the road, whereby the claimant sustained severe and permanent injuries and his truck was damaged and destroyed.

There is evidence on behalf of the respondent to the effect that the State car just prior to the accident was traveling at a speed of thirty or thirty-five miles per hour; that the automobile and trailer hereinbefore referred to was parked on the highway, and in attempting to avoid a collision therewith the driver of the State car applied his brakes, whereby his automobile skidded, swerved first to the right and then to the left, and finally came to a complete stop while still on the road, but at right angles with the edge thereof; that while in this position the claimant's truck collided with the State automobile and forced the latter off the highway and into the ditch, damaging the same to a considerable extent.

The claimant bases his right of recovery on two grounds:

1. That the accident in question was the result of the gross, reckless, wanton or wilful negligence of the servant of the State of Illinois.

2. That in any event he should be entitled to an award on the grounds of equity and good conscience.

The Attorney General contends that the State is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

Claimant concedes that the general rule is in accordance with the contention of the Attorney General, but maintains that an exception to such rule exists in those cases where the State is guilty of wilful and wanton misconduct, and the claimant himself is free from contributory negligence, and that in such cases an award is justified.

In the past there have been some decisions of this court in which such an exception was recognized, but such decisions

have been overruled and such exception is no longer recognized by this court.

In denying a petition for rehearing in the recent case of *George Franklin Garbutt, Admr.* vs. *State,* No. 2246, decided at the present term of this court, the court, in disposing of the same contention, said:

"If the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross or wanton negligence of such servants and agents, in the absence of a statute making it so liable. The purported exception has no basis in law, and is no longer recognized by this court."

We have repeatedly held that we have no authority to allow an award in any case unless there would be a liability on the part of the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Kramer* vs. *State,* 8 C. C. R. 31; *Shumway* vs. *State,* 8 C. C. R. 43; *Titone* vs. *State,* No. 2475, decided at the January Term, 1937.

Under the law as above set forth, we have no authority to allow an award, and the same must therefore be denied.

Award denied. Case dismissed.